UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY RAY CAIRNES,<br><br>           Plaintiff,<br><br>   v.<br><br>PAMELA JOAN HEMMINGER,<br><br>           Defendant. | CASE NO. C22-1614JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are (1) *pro se* Plaintiff Bradley Ray Cairnes's complaint against Defendant Pamela Hemminger[1] (Compl. (Dkt. # 5)) and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Cairnes's application to proceed *in forma pauperis* ("IFP") and recommending that the court review his complaint pursuant to 28 U.S.C.

---

[1] In his complaint, Mr. Cairnes alleges that Ms. Hemminger is also known as Colleen Giampapa. (*See* Compl. at 1.)  In this order, the court refers to Defendant as Ms. Hemminger, rather than Ms. Giampapa.

ORDER - 1

§ 1915(e)(2)(B) (IFP Order (Dkt. # 4)).  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  The court has considered Mr. Cairnes's complaint and the governing law.  Being fully advised, the court DISMISSES Mr. Cairnes's complaint without prejudice and with leave to amend.

## II. BACKGROUND

On November 10, 2022, Mr. Cairnes filed a complaint against his ex-wife, Ms. Hemminger.  (*See generally* Compl.; Dkt.[2])  Mr. Cairnes states that he is bringing this action under "[U.S.] Code Title 38" because the property at issue was purchased using Mr. Cairnes's "Guaranteed Home Loan Benefit through the Veterans Administration ['VA']."  (Compl. at 1.)

In 1998, Mr. Cairnes purchased the property located at 303 Tacoma Boulevard South, Pacific, Washington 98047 (the "Property").  (*Id.*)  In connection with his purchase of the property, Mr. Cairnes and his then-wife, Ms. Hemminger, executed a "VA Guaranteed Loan and Assumption Policy Rider" for the Property.  (*Id.* at 4-5, Ex. 1 ("Loan") (listing both parties as borrowers).)  Mr. Cairnes alleges that Ms. Hemminger "was only a co-borrowe[r]" and was "not on [the] title to the [P]roperty."  (*Id.* at 2.)

---

[2] The court cites to the CM/ECF page numbers in the header of Mr. Cairnes's complaint and exhibits.

ORDER - 2

According to Mr. Cairnes, two days after he purchased the Property, Ms. Hemminger "went to the King County Courthouse and obtained a restraining order" against Mr. Cairnes. (*Id.*) Following the issuance of a restraining order, Mr. Cairnes alleges that he was arrested for violating the restraining order multiple times, charged with "felony violations," and held "in custody for months at a time." (*See id.*) As a result, Mr. Cairnes alleges that he was never allowed to return to the Property. (*Id.*)

By 2004, Ms. Hemminger had divorced Mr. Cairnes and married Gareth Hemminger. (*Id.*; *see also id.* at 7, Ex. 3 ("Quit Claim Deed") (listing Ms. Hemminger's new husband's name).) After marrying Mr. Hemminger, Ms. Hemminger executed a quit claim deed in which she quit claimed her interest in the Property to both herself and Mr. Hemminger. (*See id.* at 7.) Mr. Cairnes alleges that Ms. Hemminger and Mr. Hemminger have since executed a number of deeds of trust with respect to the Property. (*See id.* at 2-3.) He further alleges that these instruments have been executed without his signature or VA approval and are thus "not in compliance with [U.S.] Code Title 38." (*Id.* at 3.) As a result, Mr. Cairnes asks the court to order these instruments to be "immediately removed from all public record" and to "quiet[] title in [his] favor." (*Id.*)

### III.  ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim is proper when there is either a "lack of a cognizable legal theory or the absence of

sufficient facts alleged." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Because Mr. Cairnes is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain . . . a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

      Here, Mr. Cairnes's complaint is subject to dismissal because he has not identified a provision of U.S. Code Title 38 that would allow him to maintain this action against his ex-wife. (*See generally* Compl.) Mr. Cairnes asks the court to invalidate "all instruments"—i.e., quit claim deeds and deeds of trust—"executed in connection with the property [at issue] without [Mr. Cairnes's] signature" under U.S. Code Title 38. (*Id.* at 3; *see also id.* at 2.) He also asks the court to order these instruments to be "immediately removed from all public records" and "quiet[] title in [his] favor." (*Id.* at 3.) Even liberally construing Mr. Cairnes's complaint, *see McGuckin*, 974 F.2d at 1055, the court is unable to determine under which provision of U.S. Code Title 38 Mr. Cairnes brings this action and whether that provision provides a private right of action for the type of

conduct alleged, and relief sought, in the complaint (*see generally* Compl.).  Accordingly, Mr. Cairnes fails to satisfy one of Federal Rule of Civil Procedure 8(a)'s core requirements—namely, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Therefore, the court DISMISSES Mr. Cairnes's complaint pursuant to 28 U.S.C. § 1915(e)(2).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Cairnes leave to file an amended complaint.  If he does so, he must include short, plain statements setting forth (1) the specific provision of U.S. Code Title 38 that provides him a private right of action with respect to the conduct alleged in the complaint, and (2) factual allegations that establish his right to relief under that provision.  Mr. Cairnes shall file his amended complaint, if any, no later than **December 2, 2022**.  If Mr. Cairnes fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss his complaint without leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Cairnes's complaint (Dkt. # 5) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **December 2, 2022**.

//

1  Dated this 17th day of November, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 6