UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY RAY CAIRNES,<br><br>          Plaintiff,<br><br>   v.<br><br>PAMELA JOAN HEMMINGER, et al.,<br><br>          Defendants. | CASE NO. C22-1614JLR<br><br>ORDER |

     Before the court are (1) *pro se* Plaintiff Bradley Ray Cairnes's amended complaint against Defendants Pamela Hemminger[1] and Gareth Duane Hemminger[2] (collectively, "Defendants") (FAC (Dkt. # 9)) and (2) Mr. Cairnes's motion for judgment on the

---

[1] Mr. Cairnes alleges that Ms. Hemminger is also known as Colleen Giampapa and Traci Miedl. (*See* FAC at 1.) In this order, however, the court refers to Defendant as Ms. Hemminger.

[2] Mr. Cairnes alleges that Mr. Hemminger is also known as Paul Giampapa, Craig Schwarz, Craig Meidl. (*See* FAC at 1.) In this order, however, the court refers to Defendant as Mr. Hemminger.

ORDER - 1

pleadings (MJOP (Dkt. # 7)).[3]  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  The court has considered Mr. Cairnes's amended complaint and the governing law.  Being fully advised, the court DISMISSES Mr. Cairnes's amended complaint without prejudice and without leave to amend and DENIES Mr. Cairnes's motion for judgment on the pleadings.

On November 17, 2022, the court dismissed Mr. Cairnes's initial complaint pursuant to 28 U.S.C. § 1915(e)(2) without prejudice and with leave to amend because the court was "unable to determine under which provision of U.S. Code Title 38 Mr. Cairnes brings this action and whether that provision provides a private right of action for the type of conduct alleged, and relief sought, in the complaint."[4]  (11/17/22 Order at 4-5 ("Mr. Cairnes's complaint is subject to dismissal because he has not identified a provision of U.S. Code Title 38 that would allow him to maintain this action against his ex-wife."); *see also* Compl. (Dkt. # 5) at 1 (stating that he is bringing this action under "[U.S.] Code Title 38" because the property at issue was purchased using Mr. Cairnes's "Guaranteed Home Loan Benefit through the Veterans Administration ['VA']"); *id.* at 3

---

[3] The court cites to the CM/ECF page numbers in the header of Mr. Cairnes's pleadings.

[4] The court detailed the factual and procedural background of this case in its November 17, 2022 order and does not repeat them here.  (*See* 11/17/22 Order (Dkt. # 6).)

(asking the court to invalidate "all instruments"—i.e., quit claim deeds and deeds of trust—"executed in connection with the property [at issue] without [Mr. Cairnes's] signature" under U.S. Code Title 38 and to order these instruments to be "immediately removed from all public records" and "quiet[] title in [his] favor").) The court instructed Mr. Cairnes that if he chose to amend his complaint, the amended complaint:

> must include short, plain statements setting forth (1) the specific provision of U.S. Code Title 38 that provides him a private right of action with respect to the conduct alleged in the complaint, and (2) factual allegations that establish his right to relief under that provision.

(11/17/22 Order at 5.)

Mr. Cairnes timely filed his amended complaint on December 1, 2022, in which he adds a new Defendant, Mr. Hemminger, in addition to his ex-wife, Ms. Hemminger. (*See generally* FAC.) Mr. Cairnes's amended complaint does not, however, satisfy the instructions that the court outlined in its prior order. (*See generally id.*) Specifically, Mr. Cairnes has not identified the specific provision of U.S. Code Title 38 that provides him a private right of action with respect to the conduct alleged in the amended complaint, nor does he identify any other federal law that provides him a private right of action. (*See generally id.*[5])

---

[5] While Mr. Cairnes's amended complaint includes a vague allegation that Defendants also "failed" to obey the laws of Washington State (FAC at 4), a state law claim cannot provide this court with subject matter jurisdiction over this action because the parties do not satisfy the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (describing the requirements for diversity jurisdiction); (FAC at 1 (alleging that all parties are citizens of Washington, and thus, non-diverse)). Thus, Mr. Cairnes's ability to establish his right to relief under a federal law is the only way that the court can exercise subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331. Accordingly, the court focuses its analysis on Mr. Cairnes's federal claim.

ORDER - 3

1    Thus, even liberally construing Mr. Cairnes's amended complaint, *see McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), the court remains unable to determine under which provision of U.S. Code Title 38 Mr. Cairnes brings this action and whether that provision provides a private right of action for the type of conduct alleged, and relief sought, in the amended complaint.  (*See* 11/17/22 Order at 4-5.)  Accordingly, the court DISMISSES Mr. Cairnes's amended complaint because he again fails to satisfy one of Federal Rule of Civil Procedure 8(a)'s core requirements—namely, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.").  The court's discretion to grant leave to amend is particularly broad where the plaintiff has previously filed an amended complaint.  *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Here, Mr. Cairnes has already had an opportunity to remedy the deficiencies identified in the court's November 17, 2022 order.  (*See generally* Dkt.; FAC); *see, e.g.*, *Turner v. Cnty. of Los Angeles*, 18 F. App'x 592, 597 (9th Cir. 2001) (concluding that the court did not abuse its discretion in denying the second amended complaint with prejudice and without leave to amend where the court had already allowed the plaintiff to amend their complaint with instructions on how to cure the

complaint's deficiencies).  Therefore, the court concludes that further amendment would be futile and DISMISSES Mr. Cairnes's amended complaint without prejudice and without leave to amend.

For the foregoing reasons, the court DISMISSES Mr. Cairnes's amended complaint (Dkt. # 9) without prejudice and without leave to amend.  The court DIRECTS the Clerk to close this case.  Having concluded that this case should be dismissed, the court DENIES Mr. Cairnes's motion for judgment on the pleadings (Dkt. # 7) as moot.

Dated this 5th day of December, 2022.

JAMES L. ROBART
United States District Judge